# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**LLOYD HARRELL JR.,**
**Claimant Below, Petitioner**

**FILED**

February 13, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0294** (BOR Appeal No. 2053462)
(Claim No. 2010113496)

**WHITE CONSTRUCTION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lloyd Harrell Jr., by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). White Construction, Inc., by Counsel Maureen Kowalski, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted no additional permanent partial disability award on June 2, 2017. The Office of Judges affirmed the decision in its October 3, 2018, Order. The Order was affirmed by the Board of Review on February 25, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harrell, an iron worker, was injured in the course of his employment on October 8, 2009, when he fell onto his knees while unloading a heavy windmill blade. A November 20, 2009, left knee MRI showed a complex tear of the posterior horn of the medial meniscus, a larger linear horizontal tear throughout the anterior horn of the medial meniscus, bone edema in the tibia, joint effusion, and soft tissue welling. The right knee MRI showed a tear of the posterior horn of the medial meniscus and joint effusion. On February 24, 2010, the Office of Judges reversed the claims administrator's November 16, 2009, denial of the claim and held the claim compensable for bilateral knee contusions. Mr. Harrell was granted no permanent partial disability award on June 2, 2010.

1

Mr. Harrell underwent a left knee arthroscopy for debridement of the medial and lateral meniscal tears, microfracture of the trochlear groove, microfracture of the lateral femoral condyle, removal of loose bodies, and chondroplasty on June 15, 2011. The post-operative diagnoses were left knee medial and lateral meniscal tears, Grade 4 chondral defect of the trochlea, Grade 4 chondromalacia of the lateral femoral condyle, and multiple loose bodies.

On March 14, 2011, the Office of Judges reversed a claims administrator decision and added right and left meniscus tears as compensable conditions in the claim. Mr. Harrell testified in an August 29, 2011, deposition that he underwent left knee surgery and was feeling much better. His right knee continued to have symptoms, and he was awaiting surgery. He stated that he continued to work after his date of injury until he was terminated on October 29, 2009.

Mr. Harrell underwent a right knee arthroscopy for debridement of medial and lateral meniscus tears, microfracture of a trochlear lesion, and chondroplasty of the patella on September 7, 2011. The post-operative diagnoses were right knee complex tear of the medial meniscus, small radial tears of the meniscus, Grade 4 chondral loss of the trochlea, and Grade 3 chondral changes in the patella.

On March 28, 2012, Paul Bachwitt, M.D., performed an independent medical evaluation in which he noted that Mr. Harrell was treated for bilateral knee sprains on April 13, 1998, and was treated for left knee pain and swelling on August 6, 2009. He was diagnosed with left knee bursitis at that time. X-rays taken by Dr. Bachwitt at the time of the evaluation showed degenerative changes in both knees due to weight and age. Dr. Bachwitt found that Mr. Harrell had reached maximum medical improvement and assessed 4% impairment under Table 64 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for arthroscopic partial medial and lateral menisectomies. For the right knee, he found 1% impairment under Table 64 for arthroscopic partial medial menisectomy. His combined total impairment assessment was 5%. Mr. Harrell was granted a 5% permanent partial disability award on September 21, 2012, based on Dr. Bachwitt's evaluation. Mr. Harrell was granted an additional 3% permanent partial disability award on July 1, 2013.

Michael Kominsky, D.C., performed an independent medical evaluation on May 3, 2017, in which he noted a significant progression in loss of range of motion and a significant increase in osteoarthritis in the bilateral knees as a result of the compensable injury. He assessed 8% impairment under Table 64 of the American Medical Association's *Guides* for partial medial and lateral menisectomies of both knees. Dr. Kominsky further concluded that Table 64 did not account for the full extent of Mr. Harrell's impairment. He stated that the compensable injury caused Mr. Harrell to develop severe osteoarthritis in both knees that effected his range of motion. Therefore, he also used the range of motion model to determine final impairment. Dr. Kominsky assessed 4% impairment for right knee flexion and 4% for left knee flexion. He then combined the 8% for range of motion with the 8% from Table 64 for a total of 15% impairment for the bilateral knees.

On May 4, 2017, Dr. Bachwitt performed an independent medical evaluation in which he noted that the progression of Mr. Harrell's degenerative joint disease was severe. Dr. Bachwitt

opined that a total knee arthroplasty was not necessary as related to the compensable injury. Using Table 64 of the American Medical Association's *Guides*, he assessed 4% impairment for the left knee and 4% impairment for the right knee. His combined total impairment assessment was 8%. Based on his assessment, the claims administrator granted no additional permanent partial disability award on June 2, 2017.

Bruce Guberman, M.D., performed an independent medical evaluation on January 17, 2018, in which he found through review of x-rays that Mr. Harrell has less than one millimeter of cartilage interval in the left knee. He noted that Dr. Bachwitt found total cartilage loss in his May 4, 2017, x-rays. Dr. Guberman therefore opined that Mr. Harrell had 20% impairment from Table 62 of the American Medical Association's *Guides* for zero millimeter cartilage interval in the left knee. For the right knee, Dr. Guberman found two millimeter cartilage interval. Per Table 62, he assessed 8% impairment. Dr. Guberman combined the impairment ratings for 26% whole person impairment.

In a May 2, 2018, addendum, Dr. Bachwitt stated that he disagreed with Dr. Guberman's impairment findings. Dr. Bachwitt opined that the degenerative changes seen in Mr. Harrell's knees preexisted the compensable injury. In support of his assertion, Dr. Bachwitt noted that Mr. Harrell had bilateral knee sprains in 1998, knee pain and swelling with no known trauma in 2009, and diagnoses of bursitis and gout. Further, October 8, 2009, x-rays showed osteophytic lipping at the patellofemoral and tibiofemoral joints of the left knee, indicative of preexisting degeneration. Dr. Bachwitt opined that such should not be considered when assessing impairment as the degeneration is not a result of the compensable injury.

The Office of Judges affirmed the claims administrator's June 2, 2017, denial of an additional permanent partial disability award in its October 3, 2018, Order. It found that Dr. Bachwitt provided the most accurate and reliable assessment of Mr. Harrell's impairment. The Office of Judges noted that Dr. Kominsky used both diagnosis-based and range of motion assessments to arrive at his impairment total. His assessment was therefore not conducted in accordance with the American Medical Association's *Guides*. Section 3.2i states that

> [t]he evaluation physician must determine whether the diagnostic or examination criteria best describe the impairment of a specific patient. The physician, in general, should decide which estimate best describes the situation and should use only one approach for each anatomic part.

It further states that "[t]here may be instances in which elements from both diagnostic and examination approaches will apply to a specific situation."

The Office of Judges concluded that Dr. Kominsky's rating is not consistent with the American Medical Association's *Guides* since the *Guides* specifically state that only one evaluation method should be used. It noted that though the *Guides* acknowledges that there may be extraordinary circumstances requiring both diagnostic and range of motion impairment assessments, there is no evidence of record to suggest that Mr. Harrell's injury qualifies for such an exception. The Office of Judges noted that the *Guides* provide an example of a situation in

which both should be used such as in the case of a joint and nerve injury. In this case, Mr. Harrell sustained no nerve injury, and the claim has only been held compensable for meniscal tears. Dr. Kominsky's report was therefore found to be unreliable. Dr. Guberman's report was also determined to be unreliable. The Office of Judges found that he assessed impairment under Table 62 of the American Medical Association's *Guides*. That Table is for the evaluation of arthritis, which is not a compensable condition in this claim. Further, the Office of Judges concluded that the weight of the evidence indicates that Mr. Harrell's osteoarthritis was preexisting since x-rays taken on the date of injury showed indications of degeneration.

The Office of Judges found Dr. Bachwitt's report to be reliable. He properly used range of motion only to arrive at his assessment of 8% impairment for each knee. The Office of Judges concluded that his report was conducted in accordance with the American Medical Association's *Guides* and accepted his assessment of 8% impairment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 25, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Kominsky incorrectly evaluated Mr. Harrell by using both range of motion and diagnostic impairment assessments. Dr. Guberman's evaluation was also unreliable because he rated noncompensable arthritis. Dr. Bachwitt provided the only reliable, accurate assessment of Mr. Harrell's impairment by using the correct method of assessment and assessing only the compensable conditions in the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 13, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**
Justice John A. Hutchison

**DISSENTING AND WRITING SEPARATELY:**
Justice Margaret L. Workman

4

Workman, M., dissenting:

I dissent from the majority's decision affirming the order finding Petitioner was not entitled to an additional permanent partial disability award. Petitioner suffered a significant bilateral knee injury in 2009 and underwent surgeries in 2011. Petitioner was granted a 5% permanent partial disability award in 2012, and an additional 3% permanent partial disability award in 2013. Since then, Petitioner has suffered significant progression in loss of range of motion and a significant increase in osteoarthritis in his knees as a result of the compensable injury.

Bruce Guberman, M.D., who performed an independent medical evaluation in 2018, opined that Petitioner had a 26% whole person impairment related to the compensable injury. This report is corroborated by Michael Kominsky, D.C., who also performed an independent medical evaluation in 2017, and found additional impairment. The majority improperly discredits the findings of these independent experts. Respectfully, I dissent.